UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LOUANN BARNETT, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cv-00175-GMN-RJJ |
| vs. ) | |
| ) | **ORDER** |
| FREEDOMROADS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant FreedomRoads, LLC's ("FreedomRoads") Motion to Dismiss (EFC No. 7). Plaintiff LouAnn Barnett ("Barnett") filed a timely Response (EFC No. 9), to which Defendant filed a timely Reply (EFC No. 10). For the reasons that follow, FreedomRoads' Motion to Dismiss (ECF No. 7) will be granted, though Barnett will be given leave to amend her Amended Complaint.

**I.    Background**

This case arises out of alleged civil rights violations committed against Barnett. Barnett was employed by Las Vegas RV from May 6, 2006 until May 24, 2007.[1] (Am. Compl. ¶¶ 9, 19, EFC No. 6.) Barnett alleges that a co-worker sexually harassed her on multiple occasions during that period of employment, thereby creating a hostile work environment. (Am. Compl. ¶¶ 10-16.) Barnett claims that she was constructively discharged as a result.

Barnett filed a complaint against Las Vegas RV with the EEOC and, on November 3, 2010, received a Notice of Suit Rights. (Am. Compl. ¶ 5.) On February 1, 2011, Barnett filed suit in this Court against FreedomRoads, alleging claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964. (Compl., ECF No. 1.) Las Vegas RV is not named as

---

[1] Barnett was also employed by Las Vegas RV from January 12, 2005 until February 24, 2006. (Am. Compl. ¶¶ 6, 8.) However, this case does not concern that period of employment.

a Defendant in either the original Complaint or the Amended Complaint, which was filed on April 12, 2011. (Am. Compl., EFC No. 6.)

FreedomRoads now moves to dismiss Barnett's claims, contending that Barnett has not properly pleaded an employment relationship between FreedomRoads and herself.

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See N. Star Intern. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555. A plaintiff must plead facts showing defendant's liability for the misconduct alleged is plausible, not just possible. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In considering a motion to dismiss, the court accepts all well-pleaded factual allegations as true, construing them in the light most favorable to the non-moving party. *See Daniels-Hall v. Natl. Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, the court does not assume the truth of allegations that are merely conclusory or unwarranted inferences. *See Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994).

Generally, a district court may only consider the pleadings in ruling on a Rule 12(b)(6) motion. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1990); *see also Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir.2001) (stating two exceptions where the court may consider: (1) documents attached to or incorporated in the complaint and (2) matters of public record). Apart from limited exceptions, a motion to dismiss must be treated as one for summary judgment if the court considers materials outside of the complaint. *See Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 925 (9th Cir. 2001); Fed. R. Civ. P. 12(d).

However, "courts have broad discretion in determining whether or not to accept materials beyond the pleadings." *Lowe v. Town of Fairland, Okl.,* 143 F.3d 1378, 1381 (10th Cir.1998). *See N. Star Intern.*, 720 F.2d at 582. But any conversion by the court "should be exercised with great caution and attention to the parties' procedural rights." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009). Although a party may move for summary judgment at any time, "the granting of summary is limited until after adequate time for discovery." *Phongsavane v. Potter*, CIVASA05CA0219-XR, 2005 WL 1514091, at *5 (W.D. Tex. 2005).

Barnett asks that FreedomRoads' Motion to Dismiss be treated as a Motion for Summary Judgment so that she may present evidence to correct the flaws in her pleadings. FreedomRoads objects to this course of action. The Court agrees with FreedomRoads. Barnett cannot use extrinsic materials to remedy her deficient claims, nor would a motion for summary judgment be appropriate at this pre-discovery stage of the proceedings. Therefore, the Court will not consider materials filed outside the pleadings in determining whether Barnett has alleged a legally-cognizable claim.

**III.     Discussion**

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating because of an individual's sex. *See* 42 U.S.C. §§ 2000e et seq. In order for Title VII protections to apply, the plaintiff must have an "employment relationship" with the defendant. *Adcock v. Chrysler Corp.*, 166 F.3d 1290 (9th Cir. 1999); *see also Vandermeer v. Douglas County*, 15 F. Supp. 2d 970, 974 (D. Nev. 1998) ("[T]he employer charged with discrimination must be the *plaintiff's* employer in order for the plaintiff to be able to prevail.") (emphasis in original). Title VII defines an "employer" as "a person engaged in industry affecting commerce who has fifteen or more employees . . . ." 42 U.S.C. § 2000e(b). Although FreedomRoads may be *an* "employer" under § 2000e(b), FreedomRoads argues that Barnett fails to allege that FreedomRoads was *her* employer.

The allegations in the Amended Complaint indicate that Las Vegas RV was Barnett's direct employer at all times relevant to this suit. Indeed, she alleges that Las Vegas RV was her employer at the time she was harassed and constructively discharged, and it was against Las Vegas RV that she filed her complaint with the EEOC.

The Amended Complaint's only allegations with regard to FreedomRoads are that it is "the successor in interest to or has as one of its subsidiaries, Wheeler RV Las Vegas, LLC, dba, Wheelers Las Vegas RV dba Las Vegas RV . . . " and that it "individually and/or through its subsidiary companies employed more than 500 regular employees in Las Vegas and elsewhere in the Unites States of America." (Am. Compl. ¶ 3.)

However, the allegation that FreedomRoads is either "the successor in interest to **or** has as one of its subsidiaries" (emphasis added) Las Vegas RV is both too conclusory and too speculative to meet the Rule 8(a) pleading standard. *See Clegg,* 18 F.3d at 754-55. Barnett pleads no facts in support of her allegation that FreedomRoads is Las Vegas RV's successor in interest or that it has Las Vegas RV as one of its subsidiaries.

Further, even if she had pleaded sufficient facts to support her allegations that FreedomRoads is Las Vegas RV's successor in interest or that Las Vegas RV is one of its subsidiaries, she has failed to plead sufficient facts to give rise to successor in interest or owner-subsidiary liability.

Successor liability for employment discrimination may be appropriate when: (1) substantial continuity of business operations and work force exists; (2) the successor received notice of its predecessor's legal obligation; and (3) the predecessor is unable to provide adequate relief directly. *See Bates v. P. Mar. Ass'n*, 744 F.2d 705, 709 (9th Cir. 1984). However, Barnett does not allege that any of these factors were present in this case. She alleges simply that FreedomRoads is "the successor in interest to or has as one of its subsidiaries Las Vegas RV." Therefore, she has failed to plead valid successor in interest liability as to FreedomRoads.

Additionally, "[i]n the absence of special circumstances, a parent corporation is not liable for the Title VII violations of its wholly owned subsidiary." *Watson v. Gulf and W. Industries*, 650 F.2d 990, 993 (9th Cir. 1981).  Such special circumstances include: indications that the parent-subsidiary relationship is a "sham"; evidence that the parent company influenced the employment policies of the subsidiary; or undercapitalization of the subsidiary. *Id.*  Barnett has failed to plead any such circumstances here.  Thus, she has failed to plead a valid claim for parent-subsidiary liability as well, and her Complaint must be dismissed with leave to amend.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant FreedomRoads' Motion to Dismiss (ECF No. 7) is **GRANTED**, though Plaintiff Barnett is granted leave to amend.  Plaintiff Barnett's Second Amended Complaint is due no later than **August 16, 2011**.  This lawsuit will be dismissed with prejudice if Plaintiff Barnett fails to file a Second Amended Complaint by that date.

DATED this 2nd day of August, 2011.

_____
Gloria M. Navarro
United States District Judge